UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,<br><br>            Defendants. | Civil Action No. 20-cv-2340 (EGS) |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs the State of New York, et al., submit the following response to the Court's September 1, 2020 Order to show cause why this action should not be consolidated with *Richardson v. Trump*, No. 20-cv-2262 (EGS), *NAACP v. U.S. Postal Service*, No. 20-cv-2295 (EGS), and *Vote Forward v. DeJoy*, No. 20-cv-2405 (EGS).

Plaintiffs agree that these four actions meet the standard for consolidation under Rule 42(a) of the Federal Rules of Civil Procedure, and that at least partial consolidation or coordination with regard to scheduling and any subsequent proceedings is appropriate here. These four cases involve common questions of law and fact, including (i) the cases name many of the same defendants and challenge the same course of conduct; (ii) the cases have considerable factual overlap, particularly because they challenge the same government action; and (iii) the cases assert at least some claims for relief in common.

In particular, Plaintiffs submit that consolidation or coordination of the Court's adjudication of the 39 U.S.C. § 3661 claim in the *State of New York* and *NAACP* cases is

1

warranted given the overlap in those claims, and the fact that the plaintiffs in both actions filed preliminary injunction motions on their Section 3661 claims just one day apart. No. 20-cv-2340 (EGS), ECF No. 12 (filed Sept. 2, 2020); No. 20-cv-2295 (EGS), ECF No. 8 (filed Sept. 1, 2020). Under Rule 42(a), the Court has broad discretion to consolidate cases for particular issues only. Fed. R. Civ. P. 42(a)(1); *see* 8 Moore's Fed. Practice § 42.10[2][a] (3d ed. & Supp. 2018) (citing cases).

Plaintiffs request that any consolidation or coordination not operate to delay the resolution of their motion for preliminary injunction or any subsequent proceedings. *Compare Krentz v. Township of Bloomfield*, No. 10-cv-927, 2010 WL 5479617, at *3 (D.N.J. Dec. 29, 2010) ("Consolidation would only act as a delay of the [first-filed case] proceedings, which would be inappropriate and against the purpose and intent of consolidation."), *and Farahmand v. Rumsfeld*, No. 02-cv-1236, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002) ("A motion to consolidate may be denied if . . . it will cause delay in one of the cases."), *with Firemen's Ins. Co. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990) (consolidating cases where there was "no showing that delay, confusion or prejudice would result from the requested consolidation"). As Plaintiffs have not moved for preliminary relief on their second and third claims for relief (under 39 U.S.C. §§ 101 & 403 and the Elections Clause of the Constitution), and those claims do not overlap with the claims for relief pled in the *Richardson* and *Vote Forward* complaints, no judicial efficiency is wasted in resolving Plaintiffs' preliminary injunction motion alongside the *NAACP* plaintiffs' motion without delay.

To the extent the Court consolidates these cases in whole or in part, we respectfully request that the Court permit the plaintiffs to file separate reply memoranda in support of the pending motions (and to file separately in any future motions practice). Plaintiffs in *State of New*

*York* are five states and local governments with sovereign interests and prerogatives to present that may not readily lend themselves to combined briefing, even if all plaintiffs share the same ultimate objective of enjoining the challenged agency practices. Plaintiffs will of course make every effort to avoid or minimize duplication. Plaintiffs conferred with Defendants' counsel before filing this response and understand that Defendants do not oppose the request that the plaintiffs be permitted to file separate briefs.

        Respectfully submitted,

        LETITIA JAMES
        *Attorney General of the State of New York*

        By: */s/ Matthew Colangelo*
        Matthew Colangelo, *Chief Counsel for Federal Initiatives*
        Daniela L. Nogueira, *Assistant Attorney General*
        Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
        Morenike Fajana, *Special Counsel*
        Lindsay McKenzie, *Assistant Attorney General*
        Laura Mirman-Heslin, *Assistant Attorney General*
        Office of the New York State Attorney General
        28 Liberty Street
        New York, NY 10005
        Phone: (212) 416-6057
        matthew.colangelo@ag.ny.gov

        Joshua Tallent, *Assistant Attorney General*
        Office of the New York State Attorney General
        The Capitol
        Albany, NY 12224

        Attorneys for Plaintiffs in 20-cv-2340 (EGS)