UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,<br><br>              Defendants. | Civil Action No. 20-cv-2340 (EGS) |

**JOINT STATUS REPORT**

The parties submit this joint status report in response to the Court's September 2, 2020 Order directing the parties to present "recommendations for further proceedings, including, inter alia, (1) whether plaintiffs' motion for a preliminary injunction should be consolidated with the merits under Federal Rule of Civil Procedure 65; and (2) recommendations for further proceedings including, if necessary, a briefing schedule for plaintiffs' motion for a preliminary injunction."

**1.   Whether plaintiffs' motion for a preliminary injunction should be consolidated with the merits under Rule 65.**

Plaintiffs' position:  Plaintiffs (the States of New York, Hawaii, and New Jersey; the City of New York; and the City and County of San Francisco) filed their complaint in this action on August 25, 2020, challenging Defendants' recent policy changes that have injured Plaintiffs by delaying mail delivery, and alleging three claims for relief: (1) that the postal policy changes violate 39 U.S.C. § 3991, because Defendants implemented substantially nationwide changes in service without first seeking an advisory opinion from the Postal Regulatory Commission; (2)

1

that the postal policy changes violate 39 U.S.C. §§ 101 and 403, because Defendants have not given the highest consideration to the efficiency of processing and delivering important letter mail, and have not met their obligation to provide ready access to postal services to the entire population; and (3) that the postal policy changes violate the Elections Clause of the Constitution by undermining the State Plaintiffs' ability to regulate congressional elections.  *See* Complaint ¶¶ 189-206 (ECF No. 1).  On September 2, 2020, Plaintiffs filed a motion for a preliminary injunction as to their first claim for relief.  (ECF No. 12.)

Because Plaintiffs' motion presents a straightforward legal question—whether Defendants implemented substantially-nationwide changes in service without first seeking an advisory opinion from the Postal Regulatory Commission—and because Plaintiffs are suffering significant irreparable injury as a result of Defendants' alleged violation of law, *see* Mem. Supp. Prelim. Inj. 20-33 (ECF No. 12-1), Plaintiffs respectfully request that the Court adjudicate their motion on a schedule close to that provided by the Local Rules rather than consolidating the preliminary injunction hearing with a trial on the merits as permitted by Rule 65(a)(2).

In addition, Plaintiffs did not seek a preliminary injunction as to their second and third claims for relief, and believe those claims can be resolved on the merits on an expedited schedule (as proposed in response to the Court's second question below).  Adjudicating Plaintiffs' motion for a preliminary injunction now, and proceeding to the merits on all three of Plaintiffs' claims after an opportunity for targeted discovery, will allow for the most efficient presentation of all matters to the Court.  *Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1971) (Stevens, J.) ("A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial.").

Defendants' position:  Defendants agree that consolidating the preliminary injunction with the merits is not necessary, although they take the position that Plaintiffs' proposed schedule is not realistic, for the reasons set out below.

**2.    Recommendations for further proceedings including, if necessary, a briefing schedule for plaintiffs' motion for a preliminary injunction.**

Plaintiffs' position:  Plaintiffs recommend that the Court adjudicate their motion for a preliminary injunction on the schedule provided by the Local Rules, and that the parties simultaneously proceed to resolution on the merits of Plaintiffs' remaining claims on an expedited schedule, to include a trial (if necessary) on a date at the Court's earliest convenience after September 28, 2020.

*1.*  Expedited proceedings are warranted and authorized pursuant to 28 U.S.C. § 1657(a), Rule 16 of the Federal Rules of Civil Procedure, and the Court's inherent authority.  Section 1657(a) provides that district courts "shall expedite" any action "if good cause therefor is shown."  Rule 16 similarly provides that the Court may enter a scheduling order for the purpose of "expediting disposition of the action."  Fed. R. Civ. P. 16(a)(1).  And, of course, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).

Under any standard, this action merits expedited consideration.  Plaintiffs allege widespread U.S. Postal Service policy changes that have slowed mail delivery and are causing ongoing harm to Plaintiffs' sovereign, economic, and proprietary interests—including by impairing Plaintiffs' efforts to slow the spread of COVID-19, and by undermining Plaintiffs' mail-in voting efforts in advance of the November 3, 2020 general election.  Speedy resolution is thus necessary both to ensure that the U.S. Postal Service policy changes do not undermine public health and economic recovery during an unprecedented crisis, and to avoid depriving the

requested election-related relief of its value by coming too late—precisely the type of considerations that warrant expedited judicial review, as explained in the legislative history of § 1657(a). *See* H.R. Rep. No. 98-985, at 6 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 5779, 5784 ("[T]he 'good cause' standard could properly come into play, for example, in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value . . . or actions where the public interest in enforcement of the statute is particularly strong.").

  *2.* In addition, Plaintiffs believe narrow, targeted discovery may be necessary to resolve their second and third claims for relief on the merits, and Plaintiffs propose expedited discovery as set out in the proposed schedule that follows. This Court generally requires a plaintiff to show good cause to seek expedited discovery, applying a number of factors to guide the Court's exercise of its discretion. *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (Sullivan, J.) (non-exhaustive factors include the purpose for requesting expedited discovery, the breadth of the requests, and the burden on the defendants). This standard is met here both because time is of the essence, and because limited discovery is necessary to permit Plaintiffs to present their claims for relief: in particular, discovery is needed to determine the extent to which Defendants' policy changes are still being implemented, and the extent to which those changes threaten to disrupt mail service and disenfranchise voters. Plaintiffs agree to minimize the burden on Defendants by relying where possible on discovery responses Defendants have provided to plaintiffs in any other pending action (provided that Defendants timely serve Plaintiffs with those discovery responses). Because Plaintiffs have not yet received Defendants' document production in response to discovery requests in other actions (the parties are attempting to arrange a file transfer today), they are currently unable to present proposed

discovery to the Court, but Plaintiffs' stipulation to serve only non-duplicative discovery will minimize the burden on Defendants.

If the Court grants these requests for expedited proceedings and discovery, Plaintiffs' proposed schedule is as follows:

| | |
|---|---|
| **Sept. 9, 2020:** | The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a). |
| **Sept. 11, 2020:** | Defendants shall (by 12:00 p.m. noon) file their opposition to Plaintiffs' motion for a preliminary injunction. [The parties agree on this deadline.] |
| | The parties may serve any requests for written discovery pursuant to Fed. R. Civ. P. 33, 34, and 36. The time to serve responses and objections to all written discovery requests shall be shortened to seven days (to September 18, 2020). |
| **Sept. 16, 2020:** | Plaintiffs shall file their reply in support of their motion for a preliminary injunction. [The parties agree on this deadline.] |
| **Sept. 18, 2020:** | The parties shall serve all responses and objections to any requests for written discovery. |
| | Any party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2). |
| **Sept. 25, 2020:** | All depositions must be completed. |
| **Sept. 28, 2020:** | The parties shall confer and submit a joint proposed pretrial order to include, in addition to such additional information as the Court may direct, (a) a brief summary by each party of the claims and defenses that the party asserts remain to be tried; (b) an estimate of the number of trial days required; (c) any factual or evidentiary stipulations to which the parties have agreed; (d) a designation by each party of deposition testimony to be offered in its case-in-chief and any counter-designations and objections by the opposing party; (e) a list by each party of all exhibits to be offered in its case-in-chief, with an indication by the opposing party as to the basis for any objection under the Federal Rules of Evidence. |

Defendants' position:  This Court ordered the parties to submit a schedule for further proceedings, with a focus on whether the preliminary injunction should be consolidated with the merits and a briefing schedule for the preliminary injunction. The parties have agreed on those

issues, as set forth above.  The Court further directed that the parties in this and the related cases coordinate on any discovery that is deemed necessary.  *See* Minute Order (Sept. 5, 2020).  Without making any attempt to coordinate with the other plaintiffs, or even file a motion seeking expedited discovery, Plaintiffs now seek expedited discovery on an extraordinary time-scale, while simultaneously asking Defendants to brief a preliminary injunction opposition.  This schedule is neither realistic nor practical.  The schedule may benefit Plaintiffs in this case, but it does not assist this Court in resolving the myriad other related cases before this Court that raise similar issues and instead simply multiplies the potential burden on Defendants in responding.

Nor is Plaintiffs' request proper: the Federal Rules require that Plaintiffs show their entitlement to such expedited discovery, and they have failed to make any sort of motion showing their entitlement to such a relief.  At a minimum, this Court should require Plaintiffs to make such a showing, and provide Defendants a full opportunity to respond.

In any event, Plaintiffs have not shown in this joint status report that expedited discovery is proper.  To begin, Plaintiffs propose that the parties conduct expedited discovery under an unduly accelerated timeline, with only seven days to serve responses and objections.  "[E]xpedited discovery is not the norm." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). In assessing a request for expedited discovery, the Court may adopt a "reasonableness approach," whereby it considers the "surrounding circumstances . . . which include" (i) "the purpose for requesting the expedited discovery," (ii) the "breadth of the discovery requests" and "the burden on the defendants to comply with the requests," and (iii) "how far in advance of the typical discovery process the request was made." *Id.* at 98 (internal quotation marks omitted).  Plaintiffs satisfy none of these requirements.  First, expedited discovery is not being sought to aid the Plaintiffs in their preliminary injunction motion.  And expedited discovery is not appropriate merely because

plaintiffs "want to gather all the evidence they would need to radically transform the status quo, on an expedited basis." *Disability Rights Council of Greater Wash v. Wash. Metro. Areas Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006).

Second, Plaintiffs have made no effort to identify the nature of any discovery they might seek, making it impossible for this Court to assess the breadth of discovery or the burden of compliance. That is particularly so given the expedited discovery that has already been produced in *State of Washington v. Trump*, 20-cv-3127 (E.D. Wash. Aug. 27, 2020), and will be produced in *Commonwealth of Pennsylvania v. DeJoy*, 20-cv-4096 (E.D. Pa. Sept. 4, 2020)---the results of which Defendants have offered to provide to Plaintiffs (and, indeed, have provided interrogatory responses to Plaintiffs on Sunday that address many of the issues on which Plaintiffs say they seek discovery, *i.e.*, the extent to which any USPS changes are still in effect). Indeed, to the extent there are document requests, conducting searches and loading documents into review platforms alone could take several weeks.

Third, discovery extends far in advance of the normal timeframe. That is particularly relevant here, where Plaintiffs would be seeking final judgment on a claim that the Postal Service has violated 39 U.S.C. §§ 101(e) and 403 and that its actions violate the Constitution's Election Clause. These claims are novel, suggesting that the Postal Service has violated the Constitution's Election Clause (or acted in an ultra vires fashion under authorizing statutes) in making programmatic policy decisions. Defendants are not aware of any authority for the former proposition; and the latter doctrine does not apply to such broad statues as the ones at issue here. Nor is it clear that Plaintiffs have established Article III standing, particularly to the extent that any allegations of future injury (particularly concerning the Election) are speculative considering the myriad of policy changes that the Postal Service has already made. And to the extent they

challenge changes that had ceased before the filing of the complaint, those claims may well be moot. Accordingly, Defendants should be permitted to challenge these legal theories at the onset, before undertaking accelerated and burdensome discovery. "[R]equiring defendants . . . to expend significant resources in responding to plaintiffs' discovery requests" before the Court has resolved these threshold objections "would be unjust—even more so because plaintiffs' discovery requests go to the merits of the dispute." *Guttenberg*, 26 F. Supp. 3d at 99.[1]

Defendants therefore propose the following schedule:

- The Court should resolve Plaintiffs' preliminary injunction pursuant to the schedule as discussed above.

- If Plaintiffs seek resolution of their remaining claims before the Election, they should move for a preliminary injunction on that basis.

- If Plaintiffs elect not to seek preliminary relief on their remaining claims, Defendants should be permitted to challenge the basis for their legal claims at the motion to dismiss stage, and would be prepare to file their motion to dismiss on an expedited basis. Upon the resolution of that motion, the parties could then conduct an immediate Rule 26(f) conference, should any claims remain.

    Respectfully submitted,

    LETITIA JAMES
    *Attorney General of the State of New York*

    By: */s/ Morenike Fajana*
    Morenike Fajana, *Special Counsel*

---

[1] Defendants also object to the proposal to require the parties to complete initial disclosures by the end of the week. The time frame for completing this task, which requires producing or identifying all documents upon which Defendants' claims or defenses might rely, is simply not possible.

Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
Lindsay McKenzie, *Assistant Attorney General*
Laura Mirman-Heslin, *Assistant Attorney General*
Daniela L. Nogueira, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6134
Morenike.Fajana@ag.ny.gov

Joshua Tallent, *Assistant Attorney General*
Office of the New York State Attorney General
The Capitol
Albany, NY 12224

Attorneys for Plaintiffs


JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*