# Exhibit 58

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Docket No. 20-cv-2340 (EGS) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

In accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants DONALD J. TRUMP, in his official capacity as President of the United States of America; LOUIS DEJOY, in his official capacity as Postmaster General; and the UNITED STATES POSTAL SERVICE, by and through their undersigned counsel, hereby respond to Plaintiffs' Requests for Admission to Defendants.

**OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS**

1. Defendants object to Definition 2 ("Defendants") to the extent it purports to propound discovery on the President of the United States in his official capacity without exhausting other sources of non-privileged discovery and satisfying Plaintiffs' burden of establishing a heightened, particularized need for the specific information or documents sought, *see Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 388 (2004). In responding to these requests for admission, Defendants respond on behalf of USPS, based upon information in the agency's possession, custody, or control.

2. Defendants object to Definition 4 ("U.S. Postal Service") as including "employees." The Postal Service employs almost 600,000 people. It would be impossible to obtain information from all of them in response. Defendants will construe "U.S. Postal Service" as referring to

1

documents prepared and/or disseminated at the national, Headquarters level. Defendants will respond on behalf of USPS as described in the objection to Definition 2.

3. Defendants object to Instruction No. 1 to the extent it exceeds the requirements of Federal Rule of Civil Procedure 36(a).

4. Defendants object to Instruction No. 6 to the extent it exceeds the requirements of Federal Rule of Civil Procedure 26(b)(5)(A)(i)-(ii).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1. The document attached as Exhibit 1 is a true and correct copy of a June 17, 2020 letter from Ricky R. Dean, Manager, Contract Administration, U.S. Postal Service, to Mark Dimondstein, President, American Postal Workers Union.

**Objections:** Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.


2. The document attached as Exhibit 2 is a true and correct copy of an August 7, 2020 memorandum from Louis DeJoy, Postmaster General and Chief Executive Officer, U.S. Postal Service.

**Objections:** Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.


3. The document attached as Exhibit 3 is a true and correct copy of an August 13, 2020 email from Louis DeJoy, Postmaster General and Chief Executive Officer, U.S. Postal Service.

**Objections:**  Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.

4. The document attached as Exhibit 4 is a true and correct copy of an August 18, 2020 statement from Louis DeJoy, Postmaster General and Chief Executive Officer, U.S. Postal Service.

**Objections:**  Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.

5. The document attached as Exhibit 5 is a true and correct copy of a July 10, 2020 memorandum from the U.S. Postal Service titled "Mandatory Stand Up Talk for All Employees: Pivoting for Our Future."

**Objections:**   Defendants object to the term "the U.S. Postal Service" for the reasons set forth in the objection to Definition 4.  Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Deny to the extent that Exhibit 5 purports to be a "memorandum from the U.S. Postal Service." Defendants further state that Exhibit 5 is a document prepared by the then-Area Vice President ("AVP") for what was then the Southern Area; was not reviewed or approved by Headquarters; was distributed only in what was then the Southern Area; was not distributed to all Postal Service employees; and does not represent official Postal Service guidance or direction. Otherwise, admit.

3

6. The document attached as Exhibit 6 is a true and correct copy of a July 16, 2020 memorandum from the U.S. Postal Service titled "Stand-Up Talk Expedited to Street/Afternoon Sortation (ESAS) City Carrier."

**Objections:**  Defendants object to the term "the U.S. Postal Service" for the reasons set forth in the objection to Definition 4.  Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit.

7. The document attached as Exhibit 7 accurately lists the ESAS Test Sites.

**Objections:**  Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Deny to the extent that the full document attached as Exhibit 7 is not a Postal Service document, and facially purports to be a publication from a labor union, from the website [www.nalc.org](www.nalc.org);  Otherwise admit that list of facilities included within Exhibit 7 accurately lists ESAS Test Sites.

8. The document attached as Exhibit 8 is a true and correct copy of an August 6, 2020 letter from David E. Williams, Chief Operating Officer and Executive Vice President, U.S. Postal Service, to the Honorable Gary C. Peters, Ranking Member, Committee on Homeland Security and Governmental Affairs, The Honorable Thomas R. Carper, Committee on Homeland Security and Governmental Affairs, The Honorable Charles E. Schumer, and The Honorable Amy Klobuchar, United States Senate.

**Objections:**  Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.

9. The document attached as Exhibit 9 is a true and correct copy of an August 4, 2020 U.S. Postal Service presentation titled "Service," from Dave Webster, A/Manager Operations Support – Eastern Area.

**Objections:** Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Deny to the extent that Exhibit 9 purports to be a "U.S. Postal Service presentation." Defendants further state that Exhibit 9 was seen by the then-Area Vice President ("AVP") for what was then the Eastern Area, Angela Curtis, only after it was initially utilized by Mr. Webster, but was not reviewed or approved in her role in a Headquarters position; was distributed only in what was then the Eastern Area; was not distributed to all Postal Service employees; and does not represent official Postal Service guidance or direction. Otherwise, admit.

10. The document attached as Exhibit 10 is a true and correct copy of an August 13, 2020 U.S. Postal Service presentation titled "AIM Pacific Area Virtual Meeting."

**Objections:**  Defendants object to the term "the U.S. Postal Service" for the reasons set forth in the objection to Definition 4.  Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit in part and deny in part. Deny as it relates to slides 1-6, 17-22, and 26-86 of Exhibit 10 and to the extent that Exhibit 10 purports to be a "U.S. Postal Service presentation." Exhibit 10 is a presentation prepared by a local manager; was distributed locally, not nationally; and does not represent official Postal Service guidance or direction.  Otherwise, admit as it relates to pages 7-16 of Exhibit 10 related to quarterly and YTD Postal Service financials; and further admit this Request as it relates to individual slides 23-25, but which are taken out of context.

11. The document attached as Exhibit 11 is a true and correct copy of slides included in an August 12, 2020 U.S. Postal Service document titled "Service Performance Measurement: PMG Briefing."

**Objections:**  Defendants object to the term "the U.S. Postal Service" for the reasons set forth in the objection to Definition 4.  Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit.

12. The document attached as Exhibit 12 is a true and correct copy of an August 31, 2020 letter from Louis DeJoy, Postmaster General and Chief Executive Officer, U.S. Postal Service, to Chairman Johnson, Chairwoman Maloney, Senator Peters, and Congressman Comer, with an attached document titled "Congressional Briefing: Transportation & Service Performance Updates."

**Objections:**  Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.


13. The document attached as Exhibit 13 is a true and correct copy of a May 13, 2020 Audit Report, Office of Inspector General, U.S. Postal Service titled "Late and Extra Trips at the Philadelphia, PA Processing and Distribution Center."

**Objections:** Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.


14. The document attached as Exhibit 14 is a true and correct copy of an August 31, 2020 Audit Report, Office of Inspector General, U.S. Postal Service titled "Processing Readiness of Election and Political Mail During the 2020 General Elections."

**Objections:** Pursuant to the Court's order, Defendants will provide a response to this request by October 13, 2020.

**Response**: Admit.


15. The document attached as Exhibit 15 is a true and correct copy of a U.S. Postal Service presentation titled "PMGs expectations and plan."

**Objections:** Defendants object to the term "the U.S. Postal Service" for the reasons set forth in the objection to Definition 4. Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Deny to the extent that Exhibit 15 purports to be "a U.S. Postal Service presentation." Defendants further state that Exhibit 15 is a document prepared by a local Manager of Post

7

Office Operations in the Northern Ohio District; was not reviewed or approved by Headquarters; was distributed locally, not nationally; and does not represent official Postal Service guidance or direction. Otherwise, admit.

16. The documents attached as Exhibit 16 are true and correct copies of July 29, 2020 letters sent from Thomas J. Marshall, General Counsel and Executive Vice President, U.S. Postal Service, titled "Re: Deadlines for Mailing Ballots."

**Objections:**  Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit.

17. Defendants have not submitted a proposal to the Postal Regulatory Commission requesting an advisory opinion relating to the transportation, processing, or delivery of mail at any point since January 1, 2020.

**Objections:**  Defendants object to this request as seeking information duplicative of discovery requests and responses provided in *Pennsylvania v. DeJoy,* No. 20-cv-4096 (E.D. Pa.), and which was produced to Plaintiffs, specifically, USPS's response to the State of Pennsylvania's Interrogatory 13.

Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit.

8

18. Prior to finalizing plans to decommission, dismantle, tarp, turn off, cordon off, or remove sorting machines from postal facilities in 2020, Defendants did not conduct a written analysis of the potential impact on election mail processing and delivery for the November 2020 general election.

**Objections:**  Defendants object to this request as seeking information not relevant to Plaintiffs' claims as it seeks information regarding policies or procedures not currently in effect. According to current policy, the Postal Service has determined not to make any further removal of equipment until after the November 2020 elections. Defendants object to the terms "decommission, dismantle, turn off, tarp, cordon off, or remove" which are not defined. Defendants understand and interpret "decommissioning" to mean the process of "machine removal," where a machine is removed to align with that facilities volume and mix of mail or other reasons, including (but not limited to) obsolescence, facility consolidations, and the need for floor space, rather than, for example, moving a machine from one facility to another or sending it for repair.  In responding to these requests, Defendants will understand these terms to refer to machine removal as just described.  Defendants object to the terms "written analysis" and "potential impact" as vague and overbroad as the terms are undefined. Consistent with this objection, Defendants will construe this request to be asking about national Headquarter level analyses regarding the transportation, processing, and delivery of mail.
Defendants further object to this request for admission as seeking information duplicative of discovery requests and responses provided in *Washington v. Trump*, No. 20-cv-3127 (E.D. Wash.), and which was produced to Plaintiffs, specifically, USPS's response to the State of Washington's Interrogatory 1.

Pursuant to the Court's order, Defendants will provide a response to this request subject to the

foregoing objections by October 13, 2020.

**Response**: Admit to the extent that there were no written analyses prepared and/or disseminated at the national, Headquarters level related solely to the potential impact on Election Mail processing and delivery for the November 2020 general election prior to finalizing plans to decommission, dismantle, tarp, turn off, cordon off, or remove sorting machines from postal facilities in 2020.  However, denied to the extent the Postal Service did account for the anticipated increase in Election Mail volume and confirmed equipment capacity to process it prior to finalizing plans regarding equipment reductions.  Further denied in that the Postal Service was continuing to apply long-standing practices and analysis to right size the number of mail processing machines with declining mail volumes


19. Prior to finalizing plans to relocate or remove collection boxes in 2020, Defendants did not conduct a written analysis of the potential impact on election mail processing and delivery for the November 2020 general election.

**Objections:**  Defendants object to this request as seeking information not relevant to Plaintiffs' claims as it seeks information regarding policies or procedures not currently in effect.  According to current policy, the Postal Service has suspended the removal of collection boxes between now and the November 2020 elections.  Defendants respond to the terms "written analysis" and "potential impact" as vague and overbroad as the terms are undefined.  Consistent with this objection, Defendants will construe this request to be asking about national Headquarter level analyses regarding the transportation, processing, and delivery of mail.  Defendants further object to this request for admission as seeking information duplicative of discovery requests and responses provided in *Washington v. Trump*, No. 20-cv-3127 (E.D. Wash.),

10

and which was produced to Plaintiffs, specifically, USPS's response to the State of Washington's Interrogatory 4.

Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit to the extent that there were no written analyses prepared and/or disseminated at the national, Headquarters level related solely to the potential impact on Election Mail processing and delivery for the November 2020 general election prior to finalizing plans to relocate or remove collection boxes in 2020. However, denied to the extent the Postal Service assessed there would be no anticipated impact on Election Mail delivery.

20. Prior to finalizing guidelines on eliminating extra trips and late trips in 2020, Defendants did not conduct a written analysis of the potential impact on election mail processing and delivery for the November 2020 general election.

**Objections:**  Defendants object to this request as seeking information not relevant to Plaintiffs' claims as it seeks information regarding policies or procedures not currently in effect.  According to current policy, late or extra trips that are reasonably necessary to complete timely mail delivery are not to be unreasonably restricted or prohibited.

Defendants respond to the terms "written analysis" and "potential impact" as vague and overbroad as the terms are undefined.  Consistent with this objection, Defendants will construe this request to be asking about national Headquarter level analyses regarding the transportation, processing, and delivery of mail.  Defendants further object to this request as seeking information duplicative of discovery requests and responses provided in *Pennsylvania v. DeJoy,* No. 20-cv-4096 (E.D. Pa.),

11

and which was produced to Plaintiffs, specifically, USPS's response to the State of Pennsylvania's Interrogatory 8.

Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Deny. The Postal Service has not eliminated extra trips and late trips, and the Postal Service has issued guidelines for approving extra trips and late trips, the Postal Service regularly conducts analyses regarding mail services in relation to the transportation, processing, and delivery of mail, and did so in 2020.

21. Prior to finalizing guidelines on eliminating extra trips and late trips in 2020, Defendants did not conduct a written analysis of the potential impact on timely mail processing and delivery.

**Objections:** Defendants object to this request as seeking information not relevant to Plaintiffs' claims as it seeks information regarding policies or procedures not currently in effect. According to current policy, late or extra trips that are reasonably necessary to complete timely mail delivery are not to be unreasonably restricted or prohibited. Defendants respond to the terms "written analysis" and "potential impact" as vague and overbroad as the terms are undefined. Consistent with this objection, Defendants will construe this request to be asking about national Headquarter level analyses regarding the transportation, processing, and delivery of mail. Defendants object to this request as seeking information duplicative of discovery requests and responses provided in *Pennsylvania v. DeJoy,* No. 20-cv-4096 (E.D. Pa.), and which was produced to Plaintiffs, specifically, USPS's response to the State of Pennsylvania's Interrogatory 8.

Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Deny. The Postal Service has not eliminated extra trips and late trips, and has issued guidelines for approving extra trips and late trips. The Postal Service regularly conducts analyses regarding mail services in relation to the transportation, processing, and delivery of mail, and did so in 2020.

22. Prior to issuing the July 16, 2020 ESAS memorandum, attached as Exhibit 6, Defendants did not conduct a written analysis of the potential impact on election mail processing and delivery for the November 2020 general election.

**Objections:** Defendants respond to the terms "written analysis" and "potential impact" as vague and overbroad as the terms are undefined. Defendants also object to the term "issuing" to the extent it suggests that a memorandum was disseminated from the national Headquarters level. Consistent with these objections, Defendants will construe this request to be asking about national Headquarter level analyses regarding the transportation, processing, and delivery of mail. Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit to the extent that there were no written analyses prepared and/or disseminated at the national, Headquarters level prior to the ESAS memorandum devoted solely to the impact of the ESAS document on Election Mail processing and delivery for the November 2020 general election. Deny to the extent that the Postal Service determined that Election Mail should not have been impacted by the ESAS pilot; and the ESAS program was, itself, a limited pilot program to be analyzed.

23. Prior to issuing the July 16, 2020 ESAS memorandum, attached as Exhibit 6, Defendants did not conduct a written analysis of the potential impact on timely mail processing and delivery.

**Objections:**  Defendants respond to the terms "written analysis" and "potential impact" as vague and overbroad as the terms are undefined.  Defendants also object to the term "issuing" to the extent it suggests that a memorandum was disseminated from the national Headquarters level.  Consistent with this objection, Defendants will construe this request to be asking about national Headquarter level analyses regarding the transportation, processing, and delivery of mail.

Pursuant to the Court's order, Defendants will provide a response to this request subject to the foregoing objections by October 13, 2020.

**Response**: Admit to the extent that there were no written analyses prepared and/or disseminated at the national, Headquarters level prior to the ESAS memorandum devoted solely to the impact of the ESAS document on Election Mail processing and delivery for the November 2020 general election.  Deny to the extent that the Postal Service determined that Election Mail should not have been impacted by the ESAS pilot; and the ESAS program was, itself, a limited pilot program to be analyzed.

Dated:  October 13, 2020	Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Joseph. E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*