**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF NEW YORK, et al.,

                Plaintiffs,

      v.

DONALD J. TRUMP, et al.,

                Defendants.

Case No. 20 Civ. 2340 (EGS)

**PLAINTIFFS' MOTION TO EXPEDITE**

Pursuant to 28 U.S.C. § 1657(a), Rule 16 of the Federal Rules of Civil Procedure, and the Court's inherent authority, Plaintiffs respectfully request that the Court expedite consideration of Plaintiffs' motion for summary judgment (ECF No. 58) by ordering Defendants to file any opposition to Plaintiffs' motion for summary judgment within seven days (by October 26, 2020), instead of the 14 days ordinarily permitted by Local Civil Rule 7(b); and by ordering that Plaintiffs file their reply within three days (by Thursday, October 29, 2020), instead of the seven days ordinarily permitted by Local Civil Rule 7(d).

As described below, good cause exists to expedite resolution of this lawsuit given the continued risk that mail delays pose to Plaintiffs' interests in protecting the public health, stemming the spread of coronavirus, and effectively administering their election laws for the November 3, 2020 general election.

Pursuant to Local Civil Rule 7(m), Plaintiffs conferred with counsel for Defendants to seek Defendants' consent to this motion to expedite, in the interest of presenting agreed dates to the Court for Defendants to file any opposition to Plaintiffs' motion for summary judgment. Defendants' counsel asked Plaintiffs to include the following response in this motion:

1

"Defendants oppose Plaintiffs' request in light of the Court's preliminary injunction, which will remain in effect through the election and which provides Plaintiffs complete relief in this case, and because Defendants intend to cross-move for summary judgment.  Defendants believe the parties' cross-motions for summary judgment should proceed on the normal schedule contemplated by the Local Rules."  As explained *infra* p.4, Plaintiffs do not believe the preliminary injunction has, as a practical matter, afforded complete relief.

*1.* Plaintiffs (the States of New York, Hawaii, and New Jersey; the City of New York; and the City and County of San Francisco) filed their complaint in this action on August 25, 2020, challenging Defendants' recent policy changes that have injured Plaintiffs by delaying mail delivery.  Plaintiffs allege three claims for relief: (1) that the policy changes violate 39 U.S.C. § 3661, because Defendants implemented changes with substantially nationwide effects on service without first seeking an advisory opinion from the Postal Regulatory Commission; (2) that the policy changes violate 39 U.S.C. §§ 101 and 403, because Defendants have not given the highest consideration to the efficiency of processing and delivering important letter mail, and have not met their obligation to provide ready access to postal services to the entire population; and (3) that the changes violate the Elections Clause of the United States Constitution by undermining the State Plaintiffs' ability to regulate congressional elections.  *See* Complaint ¶¶ 189-206 (ECF No. 1).

Plaintiffs filed a motion for preliminary injunction on September 2, 2020.  (ECF No. 12.) The Court granted that motion on September 27.  *See New York v. Trump*, No. 20-CV-2340 (EGS), 2020 WL 5763775 (D.D.C. Sept. 27, 2020).

By Order dated October 2, 2020 ("October 2 Order"), the Court granted Plaintiffs' motion to expedite discovery.  The Court held that expedited discovery was warranted "given the

imminence of the election and that there are two claims for which plaintiffs did not seek a preliminary injunction." *Id.* The Court ordered Defendants to serve any objections to Plaintiffs' discovery requests by October 7, 2020; to serve written responses and produce all responsive documents by October 13, 2020; and to make Defendants' witnesses available for depositions to conclude by October 16, 2020. *Id.*

*2.* Rule 56 of the Federal Rules of Civil Procedure permits a party to file a motion for summary judgment "at any time" until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). As permitted by Rule 56, Plaintiffs filed a motion for summary judgment immediately after completing expedited discovery on October 16. *See* Pls.' Mot. for Summ. J. (ECF No. 58) (filed Oct. 19, 2020).

*3.* Plaintiffs respectfully request that the Court expedite consideration of Plaintiffs' motion for summary judgment and direct Defendants to file any opposition within seven days, by October 26, 2020.

28 U.S.C. § 1657(a) provides that district courts "shall expedite" any action "if good cause therefor is shown." Rule 16 similarly provides that the court may enter a scheduling order for the purpose of "expediting disposition of the action." And, of course, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *see also, e.g.*, *McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019) (noting that "[d]istrict courts enjoy broad discretion when deciding case management and scheduling matters").

Under any standard, this action merits expedited consideration. This Court has previously recognized that absent judicial intervention, Defendants' policy changes and resultant

widespread mail delays "are impeding Plaintiffs' ability to combat the spread of a highly contagious and deadly disease and are impeding their ability to provide safe alternatives to in-person voting." *New York*, 2020 WL 5763775, at \*12; *see also* Order Granting Plaintiffs' Motion for Expedited Discovery at 3, *Washington v. Trump*, No. 20-cv-3127, ECF No. 38 (E.D. Wash. Aug. 27, 2020) (citing "the extraordinary public interest that is [at] stake," and noting that the action "will need to be heard on an expedited basis, given that the U.S. elections are less than ten weeks away"). And, notwithstanding that this Court preliminarily enjoined the postal policy changes on September 27, Defendants waited weeks before issuing guidance to address the mid-July restrictions on late trips and extra trips, all while service performance has remained at or near the lowest levels of the year. *See* Pls.' Stmt. of Facts ¶¶ 70-75, 105-107, 114-115 (ECF No. 60-1).

Speedy resolution is thus necessary to ensure that Plaintiffs' residents are not disenfranchised or denied critical public benefits during this time of economic crisis. In addition, given the upcoming election, expedited resolution is necessary to avoid depriving the relief requested of its value by coming too late—precisely the type of considerations that warrant expedited judicial review, as explained in the legislative history of § 1657(a). *See* H.R. Rep. No. 98-985, at 6 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 5779, 5784 ("[T]he 'good cause' standard could properly come into play, for example, in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value . . . or actions where the public interest in enforcement of the statute is particularly strong.").

## CONCLUSION

Plaintiffs respectfully request that the Court grant their motion to shorten Defendants' time to respond to Plaintiffs' motion for summary judgment. A seven-day deadline for

Defendants to file their opposition to Plaintiffs' motion for summary judgment, although

expedited, is reasonable and warranted under these circumstances.


DATED:  October 19, 2020                    Respectfully submitted,

                                            LETITIA JAMES
                                            *Attorney General of the State of New York*

                                            By: */s/ Matthew Colangelo*
                                            Matthew Colangelo
                                              *Chief Counsel for Federal Initiatives*
                                            Morenike Fajana, *Special Counsel*
                                            Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
                                            Lindsay McKenzie, *Assistant Attorney General*
                                            Laura Mirman-Heslin, *Assistant Attorney General*
                                            Daniela L. Nogueira, *Assistant Attorney General*
                                            Office of the New York State Attorney General
                                            28 Liberty Street
                                            New York, NY 10005
                                            Phone: (212) 416-6057
                                            Matthew.Colangelo@ag.ny.gov

                                            Joshua Tallent, *Assistant Attorney General*
                                            Office of the New York State Attorney General
                                            The Capitol
                                            Albany, NY 12224

                                            *Attorneys for the Plaintiffs*