**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br>          Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, <br><br>          Defendants. | No. 20-cv-2340(EGS) |

## ORDER

On September 27, 2020, the Court preliminarily enjoined Defendants from enforcing four Postal Policy Changes that the United States Postal Service ("USPS" or "Postal Service") announced and implemented in June and July 2020: (1) the removal of high-speed sorting machines nationwide; (2) the prohibition of "'late trips' and 'extra trips'"; (3) the "Expedited to Street / Afternoon Sortation" initiative; and (4) the decision to change the "USPS policy of treating election mail and political mail marked as marketing mail on an expedited First-Class basis." Mem. Op., ECF No. 52 at 5-8; Order, ECF No. 51. On October 5, 2020, Defendants filed a Motion for Clarification regarding three aspects of the Court's Order. Mot. Clarification ("Defs.' Mot."), ECF No. 54. On October 12, 2020, Plaintiffs filed their Opposition, ECF No. 56; and on October 16, 2020,

Defendants filed their Reply, ECF No. 57. The Motion is ripe for the Court's adjudication.

First, Defendants request that "this Court clarify that its Order prospectively enjoins the Postal Service from removing mail sorting machines from service, but that it does not require the Postal Service to return disassembled machines into service (something that may not be possible)." Defs.' Mot., ECF No. 54 at 4. Plaintiffs oppose this request as inconsistent with this Court's Order and "with instructions from other courts that have likewise enjoined USPS practices in recent weeks." Pls.' Opp'n, ECF No. 56 at 3. Plaintiffs also argue that Defendants have made no showing that "it would be impossible or impractical to restore specific sorting machines to service in Plaintiffs' jurisdictions," for example, those machines that were "covered with a tarp, or otherwise roped off." *Id.* at 4 (citing Coradi Decl., ECF No. 12-34 ¶ 7). In reply, Defendants state they "agree with Plaintiffs that this Court may clarify that its requirement regarding machines applies to the extent that 'if it is determined that it is necessary to add processing capability to fulfill [USPS's] service commitments with regard to Election Mail, available processing equipment will be returned to service,' Clarifying Operational Instructions, at 3, ECF No. 50, consistent with the orders of other district courts." Defs.' Reply, ECF No. 57 (citing Order ¶ 3, ECF No. 81, *Washington v.*

2

*Trump*, No. 20-cv-3127 (SAB) (E.D. Wash. Sept. 17, 2020); Joint
Stipulation to Stay Case in Light of Settlement Agreement, ECF
No. 38, *Bullock v. USPS*, No. 20-cv-0079 (BMM) (D. Mont. Oct. 14,
2020)).

Second, Defendants request that the Court's order to treat
Election Mail marked as Marketing Mail on an expedited First-
Class basis does not require USPS to transport such mail by air.
Defs.' Mot., ECF No. 54 at 5. Plaintiffs do not object to
Defendants' request "[t]o the extent Defendants can comply with
the Court's injunction and treat all election mail in accordance
with First Class delivery speeds without relying on air
transport," but argue that "there is no basis for the Court to
make any categorical statement that its Order never requires
delivery of election mail by air." Pls.' Opp'n, ECF No. 56 at 5-
6. In reply, Defendants clarify that "the only harm to Postal
Service operations comes from requiring Marketing Mail sent by
election officials or related entities to voters to travel by
air (which would be a significant operational change, and
potentially impossible at this late date just prior to the
election), because Marketing Mail is an entirely separate class
of mail to which different service standards apply." Defs.'
Reply, ECF No. 57 at 3. "[A]ll ballots sent by voters to their
election officials are First-Class Mail, and they will travel by

air, rather than trucks, . . . so that they can complete their journey within the published service standards." *Id.*

Third, Defendants "request that this Court clarify that the Postal Service is not required to treat Political Mail in the same manner as Election Mail, i.e., 'mailed as marketing mail on an expedited First-Class basis.'" Defs.' Mot., ECF No. 54 at 9-10. Plaintiffs do not oppose this request. Pls.' Opp'n, ECF No. 56 at 7-8.

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Id.* "Although such a motion cannot open the door to 're-litigat[ing] a matter that the court has considered and decided,' *Sai v. Transp. Sec. Admin.*, No. 14-cv-403, slip op. at 5 (D.D.C. Aug. 19, 2015), ECF No. 74 (citation omitted), courts in this Circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling, *see United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014); *Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 12-13 (D.D.C. 2012), and entertaining such motions seems especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation." *All. of*

*Artists & Recording Cos. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418-19 (D.D.C. 2016).

The Court concludes that Defendants have met the threshold requirements for seeking clarification, insofar as the Court's Order is reasonably susceptible to differing interpretations.

Accordingly, the Court hereby **ORDERS** that the Court's Order, ECF No. 51, is clarified to reflect the following:

> (1) if any post office, distribution center, or other postal facility will be unable to process Election Mail for the November 2020 election in accordance with First Class delivery standards because of USPS's removal and decommissioning of sorting machines from service, available processing equipment will be restored to service to ensure that USPS can comply with its prior policy of delivering Election Mail in accordance with First Class delivery standards;

> (2) Defendants are not required to ship Election Mail entered as Marketing Mail by any particular means (such as by air), but must employ measures to expedite the handling of all Election Mail, which may include moving them by air when such a method is consistent with practices and policies used in past elections; and

> (3) Defendants are not required to treat Political Mail, which is defined as mail sent by political candidates, political action committees, and similar organizations that engage in issue advocacy or to advocate for candidates or other things, such as initiatives, that may appear on the ballot, that is mailed as Marketing Mail on an expedited First-Class basis.

It is **FURTHER ORDERED** that Defendants are directed to file a status report by no later October 23, 2020 at 5:00 PM informing the Court of its efforts to comply with this Court's instructions here and with its previous Order, ECF No. 51.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **October 22, 2020**