UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*,<br><br>            Defendants. | No. 20-cv-2340(EGS) |

## ORDER

On September 27, 2020, the Court preliminarily enjoined Defendants from enforcing four Postal Policy Changes that the United States Postal Service ("USPS" or "Postal Service") announced and implemented in June and July 2020: (1) the removal of high-speed sorting machines nationwide; (2) the prohibition of "'late trips' and 'extra trips'"; (3) the "Expedited to Street / Afternoon Sortation" initiative; and (4) the decision to change the "USPS policy of treating election mail and political mail marked as marketing mail on an expedited First-Class basis." Mem. Op., ECF No. 52 at 5-8; Order, ECF No. 51.[1] On March 3, 2021, Defendants filed a Motion for Clarification or,

---

[1] When citing electronic filings throughout this Order, the Court cites to the ECF page number, not the page number of the filed document.

in the Alternative, to Modify the Preliminary Injunction.[2] *See* Defs.' Mot., ECF No. 83. Plaintiffs filed their opposition on March 22, 2021, *see* Pls.' Opp'n, ECF No. 85; and Defendants filed their reply on March 26, 2021, *see* Defs.' Reply, ECF No. 87. The Motion is ripe for the Court's adjudication.

Defendants request that the Court "clarify that the preliminary injunction does not prohibit the Postal Service from moving a limited number of mail-processing machines to improve service and accommodate an unprecedented growth in package volume." *See* Defs.' Mot., ECF No. 83 at 1. The "limited moves" will generally fall into one of the following four categories: (1) moving unnecessary machines to make room for new package-sorting machines or manual package sorting and staging; (2) moving redundant machines to facilities with greater need; (3) removing machines that are no longer necessary because of the addition of "stacker modules" on other machines; and (4) removing machines that are outdated to make room for newer machines. *Id.* at 5-6. Of particular importance, according to Defendants, is the removal of five "Flats Sequencing System" machines,[3] which will be replaced with machines that sort

---

[2] This is Defendants' second motion for clarification. The Court granted in part and denied in part Defendants' first motion for clarification on October 22, 2020. *See* Order, ECF No. 62.
[3] "Flats Sequencing System" machines are "machines used to process 'flats' (*e.g.,* larger envelopes, newsletters, and magazines)." Defs.' Mot., ECF No. 83 at 1.

2

packages. *Id.* at 1. Defendants assert that there is no plan to "systematically reduce the number of mail processing machines" and that the requested moves, which are "limited to those that are operationally necessary," are needed to "ensure that the Postal Service's machines are placed where they are needed most, that the appropriate types of machines are available where needed most, that outdated machines are replaced with newer models, and that machines are configured in such a way so as to ensure optimal processing capacity and speed." *Id.* at 2.

Plaintiffs oppose the motion. Plaintiffs argue that Defendants "seek the Court's approval to do precisely that which the Court enjoined: to 'move or remove' machines within its postal facilities." Pls.' Opp'n, ECF No. 85 at 2-3. Plaintiffs point out that Defendants do not identify the locations that will lose any machines, nor do they identify how many machines will be moved or removed. *Id.* at 3. Plaintiffs also note that Defendants' request "coincides" with the Postal Service's announcement of a "ten-year operational plan," which will be released "imminently." *Id.* (citation omitted). In Plaintiffs' view, "[t]hese billion-dollar plans not only implicate the machine removals Defendants discuss here, but also suggest that the Postal Service intends to upend postal operations – for a second time – without going to the" Postal Regulatory Commission. *Id.* at 4.

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Id.* "Although such a motion cannot open the door to 're-litigat[ing] a matter that the court has considered and decided,' *Sai v. Transp. Sec. Admin.*, No. 14-cv-403, slip op. at 5 (D.D.C. Aug. 19, 2015), ECF No. 74 (citation omitted)[;] courts in this Circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling, *see United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014); *Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 12-13 (D.D.C. 2012)[;] and entertaining such motions seems especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation." *All. of Artists & Recording Cos. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418-19 (D.D.C. 2016). By clarifying the scope of a previously issued preliminary injunction, a court "add[s] certainty to an implicated party's effort to comply with the order and provide[s] fair warning as to what future conduct may be found contemptuous." *See N.A. Sales Co., Inc. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984).

The Court concludes that Defendants have met the threshold requirements for seeking clarification, insofar as the Court's Order is reasonably susceptible to differing interpretations. Furthermore, the Court is persuaded that its Order entering a preliminary injunction against Defendants does not prohibit the Postal Service from moving or removing a "limited" number of machines when it is deemed "operationally necessary" at a postal facility. *See* Defs.' Mot., ECF No. 83. The Court entered its Order on September 27, 2020, enjoining Defendants from enforcing the Postal Policy Changes, including a plan to remove 671 high-speed sorting machines across the country during the final months of 2020. Order, ECF No. 51. The Court determined at that time that it was likely that Plaintiffs could show that Defendants' overall "dramatic operational changes" would have, among other thing, a meaningful impact on service that would be felt on a nationwide basis. Mem. Op., ECF No. 52 at 23, 27; *see also* 38 U.S.C. § 3661(b) (requiring the Postal Service to seek an advisory opinion from the Postal Regulatory Commission when the Postal Service determines that a plan represents "a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis"). Thus, in view of the Court's conclusion that the "combined" effect of the Postal Policy Changes "put[] the timely delivery of election mail at risk," the Court held that the Postal

5

Service could not proceed with the Postal Policy Changes, including the removal of the 671 machines, without first seeking an advisory opinion from the Postal Regulatory Commission. *Id.* at 29.

Here, however, Defendants' request is not part of a nationwide "plan[] to systematically reduce the number of processing machines." Defs.' Mot., ECF No. 83 at 3. Rather, the request involves the Postal Service's decision to move a small number of individual mail-processing machines, which Defendants assert are "necessary to improve service overall" and "should not result in any adverse operational impacts." *Id.* at 2. While Plaintiffs argue that Defendants' request is too vague and seeks an order approving "an unspecified amount of future removals for four different circumstances," Pls.' Opp'n, ECF No. 85 at 7; the Court is cognizant that "Congress did not intend for the courts to micromanage the operations of the USPS." Mem. Op., ECF No. 52 at 31. And despite Plaintiffs' claim that Defendants' motion is tied to the Postal Services' ten-year operational plan, such a claim is speculative at this time. In any event, Defendants state that the Postal Service intends to seek an advisory opinion from the Postal Regulatory Commission prior to implementing its ten-year operational plan. *See* Defs.' Reply, ECF No. 87 at 5. Thus, because Defendants' request implicates the day-to-day activities and decisions of the Postal Service,

6

the Court concludes that the Postal Service's decision to move or remove a small number of machines when "operationally necessary" does not fall under the Court's preliminary injunction.

Accordingly, the Court hereby **ORDERS** that the Court's Order, ECF No. 51, is clarified to reflect the following:

The preliminary injunction does not prohibit the Postal Service from moving or removing mail-processing machines in the following circumstances: (1) removing or relocating mail-processing machines in order to open floor space needed for other operations, including new package-sorting machines or manual package sorting and staging; (2) moving mail-processing machines from facilities where machines are not needed to facilities where machines are needed; (3) removing machines that are no longer necessary because the addition of stacker modules (sort bins on machines) has increased the capacity of the remaining machines; and (4) removing machines that are outdated to make room for newer machines.

The preliminary injunction otherwise remains in effect.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**April 3, 2021**

7