IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>                    Defendants. | Civil Docket No. 20-cv-2340 (EGS) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this notice of supplemental authority to inform the Court of the decision by the U.S. Court of Appeals for the D.C. Circuit in *Nat'l Ass'n of Postal Supervisors v. USPS*, No. 20-5280, 2022 WL 517924 (Feb. 22, 2022) ("*NAPS*"), attached hereto. In *NAPS*, the court held that plaintiff had stated a plausible claim that the Postal Service acted *ultra vires* in connection with its adoption of its proposed 2016–2019 pay package for certain employees. *See id.* at *1. The court accordingly reversed the district court's judgment dismissing plaintiff's complaint for failure to state a claim. *Id.* at *2.

Defendants cited the district court's opinion in *NAPS* in their (i) memorandum in opposition to Plaintiffs' motion for summary judgment and in support of Defendants' cross-motion for summary judgment (*see* ECF Nos. 66-1 & 67 at 17, 24, 30–34) and (ii) reply in support of their cross-motion for summary judgment (*see* ECF No. 74 at 10, 14, 15). Although that opinion has been reversed, for the reasons explained in Defendants' summary judgment briefing, Plaintiffs' claims under sections 101(a), 101(e), and 403 of the Postal Reorganization Act ("PRA") here are not reviewable under the *ultra vires* doctrine. *See* ECF Nos. 66-1 & 67 at

31–33; ECF No. 74 at 13–15. The D.C. Circuit's recent *NAPS* decision addressed different PRA provisions, which the court held were sufficiently "clear and mandatory" to be susceptible to *ultra vires* review.[1] *NAPS*, 2022 WL 517924, at *6. As articulated in Defendant's cross motion for summary judgment, the statutory provisions on which Plaintiffs rely here are even broader, and leave more room for agency discretion, than the provisions at issue in *NAPS*. ECF No. 66-1 at 31.

For the reasons explained in Defendants' summary judgment briefing, the statutory provisions on which Plaintiffs rely—sections 101(a), 101(e), and 403— are the kind of "vague," "ambiguous" provisions that "lack discernible standards by which a court can identify a limit to agency authority" that the *NAPS* court recognized are "not sufficiently clear and mandatory to warrant non-APA review." *NAPS*, 2022 WL 517924, at *7.[2] Defendants therefore respectfully request that the Court grant summary judgment in favor of Defendants for the reasons articulated in the pending motion.

Dated:  March 3, 2022                Respectfully submitted,

                                     BRIAN M. BOYNTON
                                     Principal Deputy Assistant Attorney General

                                     ERIC R. WOMACK
                                     Assistant Director, Federal Programs Branch

                                     /s/ John Robinson
                                     JOSEPH E. BORSON
                                     KUNTAL CHOLERA
                                     JOHN ROBINSON (D.C. Bar. No. 1044072)
                                     Trial Attorneys

---

[1] Defendants note that they continue to review the *NAPS* decision and nothing in this notice should be interpreted to constrain, bind, or in any way control further litigation in that matter.

[2] And even if *ultra vires* review is available, Plaintiffs have not met their burden on summary judgment to demonstrate as a matter of law that the Postal Service "plainly acted in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *DCH Reg'l Med. Ctr. v. Azar*, 925 F.3d 503, 509 (D.C. Cir. 2019); *see* ECF Nos. 66-1 & 67 at 33–37; ECF No. 74 at 15–19.

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov

*Counsel for Defendants*