UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., *in his official capacity as President of the United States, et al.*,<br><br>    Defendants. | No. 20-cv-2340 (EGS) |

### ORDER

Pending before the Court is Defendants' Motion to Alter or Amend the Judgment ("Defs.' Mot."), ECF No. 108. Upon careful consideration of Defendants' Motion; Plaintiffs' Memorandum in Opposition ("Pls.' Opp'n"), ECF No. 110; and Defendants' Reply ("Defs.' Reply"), ECF No. 112; Defendants' motion is **DENIED**. However, pursuant to the Court's inherent authority, the Court clarifies the Judgment as set forth below.

Federal Rule of Civil Procedure 59(e) permits the Court to alter or amend a prior judgment under a limited set of exceptions to the rule that judgments are to remain final. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). Under Rule 59(e), the Court may grant Defendants' motion to alter or amend its judgment "under three circumstances only: (1) if there is an intervening change of controlling law; (2) if

1

new evidence becomes available; or (3) . . . to correct a clear error or prevent manifest injustice." *Id.* (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted)). Although the Court "has considerable discretion in ruling on a Rule 59(e) motion," *id.*; such motions "are disfavored and should be granted only under extraordinary circumstances[,]" *Agrocomplect, AD v. Republic of Iraq*, 262 F.R.D. 18, 21 (D.D.C. 2009).

Defendants have not identified any intervening change of controlling law or proffered new evidence to serve as the basis for granting their motion, nor does the Court accept Defendants' invitation to create a fourth basis for relief under Rule 59(e) for when "the moving party did not have the opportunity to present the relevant evidence or argument before judgment," Defs.' Mot., ECF No. 108-1 at 8;[1] as this scenario is not supported by this Circuit's precedent, *see Leidos*, 881 F.3d at 217. Moreover, Defendants do not explicitly state that the Court's judgment should be amended to correct a clear error or prevent manifest injustice until their reply brief.[2] Regardless, the burden of proving "manifest injustice" is "high," as the

---

[1] When citing electronic filings throughout this Order, the Court cites to the ECF header page number, not the original page number of the filed document.
[2] The Court need not consider arguments raised for the first time in a reply brief. *See Carter v. Geo. Wash. Univ.*, 387 F.3d 872, 883 (D.C. Cir. 2004).

2

Court may only exercise its equitable power "in extraordinary and carefully circumscribed instances." *Roane v. Gonzales*, 832 F. Supp. 2d 61, 66 (D.D.C. 2011) (citation omitted). Defendants have not established extraordinary circumstances, nor clear error, as their arguments regarding an intent requirement and a causation standard were previously presented before the Court and soundly rejected in the Court's crafting of the injunction. *See* Pls.' Opp'n, ECF No. 110 at 10 n.4; Mem. Op., ECF No. 107 at 16-17, 19, 36-37, 40-42, 64-65 (modifying the terms of the proposed injunction given Defendants' claim that "the declaratory and injunctive relief Plaintiffs request[ed was] overly vague"); *see also Leidos*, 881 F.3d at 217 (noting that Rule 59(e) "may not be used to relitigate old matters" (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605 (2008))).

To the extent Defendants' motion is also styled as a motion for clarification, *see* Defs.' Mot., ECF No. 108-1 at 6, 19; Defs.' Reply, ECF No. 112 at 7 (noting the Court's "inherent power to clarify" ambiguities in the injunction in the absence of relief under Rule 59(e)); Pls.' Opp'n, ECF No. 110 at 5 ("[C]larification of the Ten-Percent Provision . . . is appropriate."); "there is no Federal Rule of Civil Procedure specifically governing" such a motion, *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). Courts

3

in this Circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling. *See United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014); *Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 12–13 (D.D.C. 2012). By clarifying the scope of a previously issued injunction, the Court can "add certainty to [Defendants'] efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous." *See N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984).

Defendants request clarification as to the compliance of the injunction's "Ten-Percent Provision" with Rule 65(d)(1)'s specificity and reasonable detail requirement and regarding "several other potential ambiguities in the injunction." Defs.' Mot., ECF No. 108-1 at 5-6. The Court concludes that Defendants have met the threshold requirements for seeking clarification, insofar as the Court's prior Memorandum Opinion is reasonably susceptible to differing interpretations. *See* Defs.' Reply, ECF No. 112 at 4, 7-8.

Accordingly, the Court hereby **ORDERS** that its Memorandum Opinion, ECF No. 107, is clarified to reflect the following:

> The Court shall therefore enjoin the Postal Service from prohibiting such [late and extra] trips in total or from curtailing such [late and extra] trips following a decline in nationwide service scores by more than 10

>   percentage points for a period of at least two-weeks, without first seeking an advisory opinion from the [Postal Regulatory Commission] pursuant to 39 U.S.C. § 3661(b). Nationwide service scores are to be measured by the composite score of service performance measurement data on market dominant services.

The permanent injunction otherwise remains in effect.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            March 6, 2023**